UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

**Cynthia Olivares Gonzalez**,

      Debtor.

_____/

Chapter 13

Case No.  17-20665-RBR

**ASSET MANAGEMENT HOLDINGS II, LLC'S
OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN**

      Asset Management Holdings II, LLC ("Secured Creditor"), through counsel, files this Objection to Confirmation of Debtor's Chapter 13 Plan, and states as follows:

## I.      <u>BACKGROUND</u>

      1.      The Debtor, Cynthia Olivares Gonzalez (the "Debtor") filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on August 23, 2017.

      2.      On September 6, 2017, the Debtor filed a Chapter 13 Plan (Doc. No. 12) (the "Plan").

      3.      The Plan confirmation hearing is set for January 18, 2018 (Doc. No. 25).

      4.      The deadline to file Objections to the Plan is January 4, 2018 (Doc. No. 25).

      5.      Secured Creditor holds a security interest in the Debtor's real property located at 2400 Northeast 16th Street, #109, Pompano Beach, Florida 33062 (the "Property") by virtue of a mortgage, recorded in Official Records Book 40647, at Page 809, of the Public Records of Broward County, Florida (the "Mortgage"). The Mortgage secures a note in the original amount of $50,000.00 (the "Note"). The Note and Mortgage are collectively referred to as the "Loan Documents."

6.      Secured Creditor intends to file a proof of claim that will show the total secured debt of approximately $87,979.78 and arrearages of approximately $42,056.34.

## II.      OBJECTION TO CONFIRMATION

### A.  The Plan seeks to improperly value Secured Creditor's claim

7.      Secured Creditor objects to Debtor's Chapter 13 Plan due to the fact that it fails to provide for full repayment of Secured Creditor's second mortgage arrearages and regular monthly mortgage payments on the Debtor's principal residence as required pursuant to 11 U.S.C. §1322(b)(2).

8.      Pursuant to the Debtor's Bankruptcy Schedules (Doc. No. 7), the Property is the Debtor's principal residence, has a value of $149,990.00, and is encumbered by three secured claims. A first mortgage on the Property held by Ocwen Loan Servicing is listed with a secured claim in the scheduled claim amount of $116,929.00. The Debtor did not include any treatment for this claim in the Plan, stating in the section titled "Other Provisions Not Included Above" that the Debtor is seeking to modify this loan and payments will be made directly.

9.      Next, is Secured Creditor's claim, with a scheduled claim amount of $50,000.00. In the Plan, it appears that the Debtor is seeking to value the second mortgage claim to a secured claim of $33,061.00 (which is $149,990.00 less the first mortgage amount of $116,929.00) at an interest rate of 4% over the 60 month term of the plan (with payments of $608.87 per month totaling $36,532.20).

10.     The Debtor also listed a claim held by BDM Property Management in the amount of $2,200 for HOA. The Debtor included arrearages payments to the HOA totaling $2,200 in addition to regular payments.[1]

11.     Debtor is seeking to modify the terms of the Mortgage with Secured Creditor.

---

[1] An objection has been filed with regard to the Debtor's proposed treatment of this claim. (Doc. No. 30).

12.     Not only is the Property listed as the Debtor's principal residence on the Petition (Doc. No. 1), according to the Broward County Property Appraiser, Debtor has claimed the homestead exemption on the Property.  A true and correct copy of the Broward County Property Appraiser printout is attached hereto as "**Exhibit A**" and is incorporated by reference. Once acquired, homestead status is retained until the property is abandoned or properly alienated. *In re Rogers*, 396 B.R. 100 (Bankr M.D. Fla 2008).

13.     If, as Secured Creditor believes, its mortgage is secured only by a security interest in real property that is the Debtor's principal residence, said mortgage lien cannot be stripped unless it is wholly unsecured. 11 U.S.C. §1322(b)(2). *Nobleman v American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106 (1993).

14.     Secured Creditor maintains that the loan cannot be stripped or reduced because it its lien on the Debtor's principal residence is not wholly unsecured.

**B.  The value and interest rate in the Plan are insufficient**

15.     Moreover, to the extent that the Debtor is permitted to value Secured Creditor's claim, Secured Creditor disputes Debtor's contention that the fair market value of the property is $149,990.00 and requests an opportunity to have its own appraisal done prior to any hearing determining the claim value.

16.     Further, Debtor is proposing to reduce the mortgage interest rate to proposed interest rate of 4%, which Secured Creditor maintains is inadequate to assure that property distributed to Secured Creditor under the plan on account of its secured claim will have a value, as of the effective date of the plan, that is not less than the allowed amount of such claim. In *Till v. SCS Credit Corp.*, 541 U.S. 465, 124 S.Ct.1951 (2004), the Supreme Court addressed the appropriate cram down interest rate under §1325(a)(5)(B)(ii). *Till* adopts the "formula approach"

which begins by looking at the national prime rate, reported daily in the press, and then adding an appropriate "risk adjustment." Although *Till* does not specify what that risk adjustment should be it states that courts have generally approved adjustments of 1% to 3%. Accordingly, Secured creditor maintains that, without evidence why a different adjustment should be used, a risk adjustment of 2% should be reasonable. The prime rate, as published in the Wall Street Journal, is currently 4.50%. Accordingly, secured creditor maintains that the Court should not approve a cram down interest rate less than 6.50%.

17.     Pursuant to §§1322(b)(2) and 1325(a), Secured Creditor objects to Debtor's Chapter 13 Plan as it proposes to impermissibly modify the Secured Creditor's claim by remitting a lesser amount of arrearages, fees, and costs than that which Secured Creditor is entitled; thus, the Chapter 13 Plan is not confirmable.

18.     Secured Creditor has incurred attorney's fees as a result of the necessity of filing this Objection to Confirmation has agreed to pay its undersigned attorney a reasonable fee for its services, and Secured Creditor is entitled to reimbursement by Debtor of such fees incurred in this matter.

**WHEREFORE**, Secured Creditor respectfully requests entry of an order which denies confirmation of the Debtor's, proposed Plan unless such plan is amended to overcome the objections of Secured Creditor as stated herein, or, in the alternative, for dismissal of the case pursuant to of 11 U.S.C. §1307(c)(5), and that Debtor be required to pay Secured Creditor's fees incurred in filing this Objection to Confirmation, and for such other and further relief as to the Court may deem just and proper.

Respectfully submitted this January 2, 2018.

*/s/ Margaret E. Kepler*
Margaret E. Kepler

4

Florida Bar No.: 59118
ADAMS AND REESE LLP
350 East Las Olas, #1110
Fort Lauderdale, Florida 33301
Telephone: 954.541.5390
Facsimile: 954.440.2110
Email: Margaret.Kepler@arlaw.com
Secondary:teesha.kittilson@arlaw.com
*Attorney for Asset Management Holdings II, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2018, I served a copy of the foregoing Objection to Confirmation of Debtor's Second Amended Plan electronically via CM/ECF or via U.S. mail to all parties/attorneys on the list to receive service/notice in this case, including but not limited to the following:

**via CM/ECF**

Chad T Van Horn
330 N Andrews Ave #450
Ft Lauderdale, FL 33301
Attorney for Debtor
Chad@cvhlawgroup.com

Robin R Weiner
www.ch13weiner.com
POB 559007
Fort Lauderdale, FL 33355
Trustee
 ecf@ch13weiner.com

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130
USTPRegion21.MM.ECF@usdoj.gov

April Harriott
bkyecf@rasflaw.com

Charles F Otto
cfo@straleyottopa.com

Synchrony Bank
PRA Receivables Management, LLC
c/o Valerie Smith
PO Box 41021
Norfolk, VA 23541

*/s/ Margaret E. Kepler*
Margaret E. Kepler

**"EXHIBIT A"**



| Site Address | 2400 NE 16 STREET #109, POMPANO BEACH FL 33062 | ID # | 4843 30 AH 0090 |
|---|---|---|---|
| Property Owner | GONZALEZ,CINDY | Millage | 1511 |
| Mailing Address | 2400 NE 16 ST #109 POMPANO BEACH FL 33062 | Use | 04 |

| Abbreviated Legal Description | VILLA RIO CONDO UNIT 109 |
|---|---|

The just values displayed below were set in compliance with Sec. 193.011, Fla. Stat., and include a reduction for costs of sale and other adjustments required by Sec. 193.011(8).

### Property Assessment Values
Click here to see 2017 Exemptions and Taxable Values as reflected on the Nov. 1, 2017 tax bill.

| Year | Land | Building / Improvement | Just / Market Value | Assessed / SOH Value | Tax |
|---|---|---|---|---|---|
| 2018 | $15,000 | $134,990 | $149,990 | $115,620 | |
| 2017 | $15,000 | $134,990 | $149,990 | $115,620 | $1,629.65 |
| 2016 | $12,260 | $110,340 | $122,600 | $113,250 | $1,583.28 |

### 2018 Exemptions and Taxable Values by Taxing Authority

| | County | School Board | Municipal | Independent |
|---|---|---|---|---|
| Just Value | $149,990 | $149,990 | $149,990 | $149,990 |
| Portability | 0 | 0 | 0 | 0 |
| Assessed/SOH  10 | $115,620 | $115,620 | $115,620 | $115,620 |
| Homestead  100% | $25,000 | $25,000 | $25,000 | $25,000 |
| Add. Homestead | $25,000 | 0 | $25,000 | $25,000 |
| Wid/Vet/Dis | 0 | 0 | 0 | 0 |
| Senior | 0 | 0 | 0 | 0 |
| Exempt Type | 0 | 0 | 0 | 0 |
| Taxable | $65,620 | $90,620 | $65,620 | $65,620 |

### Sales History

| Date | Type | Price | Book/Page or CIN |
|---|---|---|---|
| 9/23/2005 | WD | $250,000 | 40647 / 782 |
| 3/24/2004 | TD | $100 | 37525 / 1835 |
| 2/9/2001 | QCD | $100 | 31476 / 1990 |
| 3/16/2000 | WD | $76,000 | 30348 / 1218 |
| 12/3/1996 | WD | $77,000 | 25726 / 275 |

### Land Calculations

| Price | Factor | Type |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

| Adj. Bldg. S.F. | 930 |
|---|---|
| Units/Beds/Baths | 1/2/2 |
| Eff./Act. Year Built: 1973/1972 | |

### Special Assessments

| Fire | Garb | Light | Drain | Impr | Safe | Storm | Clean | Misc |
|---|---|---|---|---|---|---|---|---|
| 15 | | | | | | | | |
| R | | | | | | | | |
| 1 | | | | | | | | |